# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| v. | : | **CRIMINAL NO. 18-418** |
| | : | |
| **RODRIGO FUENTES-GOMEZ,** a/k/a "Ervin Yovany Cruz" | | |

## GOVERNMENT'S SENTENCING MEMORANDUM

Defendant Rodrigo Fuentes-Gomez, a native and citizen of Mexico, was found present in the United States after having been deported on three separate occasions without first applying to the Attorney General of the Unites States or his successor, the Secretary for Homeland Security for permission to reenter the United States. This most recent conviction makes the defendant's second federal felony conviction. While present in the United States, the defendant has engaged in serious criminal activity. For these reasons, as well as for the reasons provided below, the government recommends a sentence of incarceration at the higher end of the advisory guideline range of 2 to 8 months' imprisonment.

The Third Circuit has set forth a three-step process which the district courts must follow in compliance with the Supreme Court's ruling in *United States v. Booker*, 543 U.S. 220 (2005):

> (1) Courts must continue to calculate a defendant's Guidelines sentence precisely as they would have before *Booker*.
>
> (2) In doing so, they must formally rule on the motions of both parties and state on the record whether they are granting a departure and how that departure affects the Guidelines calculation, and take into account our Circuit's pre-*Booker* case law, which continues to have advisory force.

> (3) Finally, they are to exercise their discretion by considering the relevant § 3553(a) factors in setting the sentence they impose regardless whether it varies from the sentence calculated under the Guidelines.

*United States v. Gunter*, 462 F.3d 237, 247 (3d Cir. 2006) (quotation marks, brackets, and citations omitted) (citing *United States v. King*, 454 F.3d 187, 194, 196 (3d Cir. 2006).  In calculating the guideline range, this Court must make findings pertinent to the guideline calculation by applying the preponderance of the evidence standard, in the same fashion as was employed prior to the *Booker* decision.  *United States v. Grier*, 475 F.3d 556 (3d Cir. 2007) (en banc).  The failure to properly calculate the advisory guideline range will rarely be harmless error.  *United States v. Langford*, 516 F.3d 205, 214-18 (3d Cir. 2008).

At the third step of the sentencing process, the Court must consider the advisory guideline range along with all the pertinent considerations of sentencing outlined in 18 U.S.C. § 3553(a) in determining the final sentence.  "The record must demonstrate the trial court gave meaningful consideration to the § 3553(a) factors. . . . [A] rote statement of the § 3553(a) factors should not suffice if at sentencing either the defendant or the prosecution properly raises 'a ground of recognized legal merit (provided it has a factual basis)' and the court fails to address it."  *United States v. Cooper*, 437 F.3d 324, 329-30 (3d Cir. 2006) (citations omitted).  *See also Rita v. United States*, 551 U.S. 338, 356 (2007) ("The sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decision making authority."); *United States v. Flores-Mejia*, -- F.3d --, 2014 WL 3450938, *2 (3d Cir. 2014) (en banc) ("Failure to give 'meaningful consideration' to any such argument renders a sentence procedurally unreasonable which, when appealed, generally requires a remand for resentencing.").

The government explains below its view of the proper consideration in this case of the advisory guideline range and of the Section 3553(a) factors, which support a sentence of 24 months imprisonment.

I.  **BACKGROUND**

On September 27, 2018, the defendant, Rodrigo Fuentes-Gomez, an alien, native and citizen of Mexico, was charged in an indictment with reentry after deportation, in violation of 8 U.S.C. § 1326(a) and(b)(2), arising from his reentry into the Unites States on or about July 2, 2018, after previously being deported and removed from the United States on or about April 4, 1999, August 14, 2007, and June 25, 2011, without first applying to the Attorney General of the Unites States or his successor, the Secretary for Homeland Security for permission to reenter the United States.

On May 9, 2019, the defendant pled guilty to illegally reentering the United States in violation of 8 U.S.C. § 1326(a) and (b)(2).  During his plea colloquy, the defendant admitted that he was encountered by Kennett Square Police on or about June 30, 2018.  He further admitted he is a native and citizen of Mexico and had unlawfully reentered the United States after having been deported on three prior occasions without first applying to the Attorney General of the Unites States or his successor, the Secretary for Homeland Security for permission to reenter the United States.  His previous deportations were on or about April 4, 1999, August 14, 2007, and June 25, 2011.

II.  **SENTENCING CALCULATION**

    A.  **Statutory Maximum Sentence.**

The maximum sentence for a violation of 8 U.S.C. § 1326(a), (b)(2) is 20 years' imprisonment, a three-year period of supervised release, a $250,000 fine, and a $100 special

assessment.

### B. Sentencing Guidelines Calculation.

The Probation Office correctly calculated the defendant's advisory guideline range as follows: Pursuant to USSG §2L1.2(a), the base offense level is 8. Pursuant to USSG § 3E1.1(a), the offense level is reduced by 2 levels for acceptance of responsibility for an adjusted offense level of 6. Due to his criminal history, the defendant is a Criminal History Category III. The defendant's guideline range is 2 to 8 months' imprisonment.

### III. ANALYSIS

A thorough consideration of all of the sentencing factors set forth in 18 U.S.C. § 3553(a) suggests that the most appropriate sentence is the advisory guideline term at the higher end of the advisory guidelines of 2 to 8 months' imprisonment.

The Supreme Court has declared: "As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark." *Gall v. United States*, 552 U.S. 38, 49 (2007). "These requirements mean that '[i]n the usual sentencing, . . . the judge will use the Guidelines range as the starting point in the analysis and impose a sentence within the range." *Peugh v. United States*, 133 S. Ct. 2072, 2083 (2013) (quoting *Freeman v. United States*, 131 S. Ct. 2685, 2692 (2011) (plurality opinion); ellipsis in original). "Common sense indicates that in general, this system will steer district courts to more within-Guidelines sentences." *Peugh*, 133 S. Ct. at 2084. "The federal system adopts procedural measures intended to make the Guidelines the lodestone of sentencing." *Id.*

In addition, this Court must also consider all of the sentencing considerations set forth in Section 3553(a). Those factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the

seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant; (4) the need to provide the defendant with educational or vocational training, medical care, or other correctional treatment in the most effective manner; (5) the guidelines and policy statements issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).[1]

The defendant engaged in a serious offense. The defendant, after being deported three times and being previously federally convicted for illegal entry into the United States, was yet again found illegally present in the United States. His crime falls squarely within the class of cases to which the applicable guidelines are addressed, and thus consideration of the nature of the offense, § 3553(a)(1), counsels in favor of the guideline sentence.

Further, the defendant's history supports the need for a period of incarceration. The defendant has no respect for the immigration laws of the United States. The defendant stands before this Court having been previously deported from the United States three times and being previously federally convicted of illegal entry into the United States on May 9, 2011, in the

---

[1] Further, the "parsimony provision" of Section 3553(a) states that "[t]he court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection." The Third Circuit has held that "district judges are not required by the parsimony provision to routinely state that the sentence imposed is the minimum sentence necessary to achieve the purposes set forth in § 3553(a)(2). . . . '[W]e do not think that the "not greater than necessary" language requires as a general matter that a judge, having explained why a sentence has been chosen, also explain why some lighter sentence is inadequate.'" *United States v. Dragon*, 471 F.3d 501, 506 (3d Cir. 2006) (*quoting United States v. Navedo Concepcion*, 450 F.3d 54, 58 (1st Cir. 2006)).

District of Arizona. PSR ¶ 35. Of note, the defendant was sentenced to 60 days imprisonment on that prior federal immigration conviction. This period of incarceration did not deter him from illegally re-entering the United States again.  While illegally present in the United States, the defendant has engaged in serious crimes.  He has been convicted of public intoxication PSR ¶ 33; forgery and false report to law enforcement  PSR ¶ 34; and most recently driving under the influence- highest rate PSR ¶ 36.  It is clear that the recommended term of imprisonment is required "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." § 3553(a)(2).  Furthermore, the recommended sentence of incarceration affords adequate deterrence to others who would commit a similar offense, and protects the public from further crimes of the defendant, for at least as long as he remains incarcerated. *Id.*  Specific deterrence is also a consideration in this case as the defendant has a previous federal immigration conviction yet re-offended.

In addition, adherence to the recommended guideline range is the only course for assuring that the defendant's sentence is consistent with those imposed nationwide on similarly situated offenders, and thus complying with Section 3553(a)(6) and avoiding undue disparity.

There is no need in this case to adjust the sentence in order "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner . . . ." § 3553(a)(2)(D).  Also, restitution is not an issue in this case. § 3553(a)(7).

At the same time, the defendant has not set forth any persuasive argument for leniency. Accordingly, as explained above, all the appropriate considerations of sentencing, such as the nature of the offense and the character of the offender, call for a period of incarceration in order to protect society from his otherwise persistent criminal conduct.

- 7 -

Therefore, in sum, all of the appropriate considerations of sentencing favor the imposition in this case of a sentence at the high end of the advisory sentencing guidelines.  As noted, the Sentencing Guidelines present "the lodestone of sentencing," *Peugh*, 133 S. Ct. at 2084, and that guide is once again persuasive in this case.

## IV. CONCLUSION

For these reasons, the government recommends that the Court impose a sentence at the higher end of the advisory guideline of 2 to 8 months' imprisonment.

Respectfully submitted,

WILLIAM M. McSWAIN
 United States Attorney


*/s Melanie B. Wilmoth*
MELANIE BABB WILMOTH
Assistant United States Attorney

## **CERTIFICATE OF SERVICE**

   I hereby certify that this Sentencing Memorandum has been served on the Filing User identified below through the Electronic Case Filing (ECF) system:

Nancy MacEoin, Esq.
Federal Defender's Association
Suite 540 West
Philadelphia, PA 19106

               */s Melanie B. Wilmoth*
               MELANIE BABB WILMOTH
               Assistant United States Attorney

DATED:  June 7, 2019.